United States Court of Appeals
Fifth Circuit

**F I L E D**

June 10, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-70014

_____

TOMMIE COLLINS HUGHES

        Petitioner-Appellant

v.

DOUGLAS DRETKE, Director, Texas Department of Criminal Justice,
Correctional Institutions Division

        Respondent-Appellee

                --------------------
        Appeal from the United States District Court
            for the Northern District of Texas
                --------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

BENAVIDES, Circuit Judge:

        Petitioner Tommie Collins Hughes was convicted in Texas
state court of capital murder and sentenced to death.  Hughes
filed a petition for a writ of habeas corpus in the United States
District Court for the Northern District of Texas pursuant to 28
U.S.C. § 2254.  The district court subsequently denied the
petition.  The district court also denied Petitioner a
certificate of appealability ("COA").  Petitioner now requests a
COA from this Court pursuant to 28 U.S.C. § 2253(c)(2).  For the
reasons that follow, Petitioner's Application for a Certificate
of Appealability from Denial of a Petition for Writ of Habeas

1

Corpus is denied.

## I. BACKGROUND

On August 13, 1997, Petitioner robbed and killed two women in the parking lot of a theater in north Dallas, Texas.  After Petitioner was convicted of this crime and his sentence was imposed, the Texas Court of Criminal Appeals affirmed the conviction and sentence on direct appeal, and the United States Supreme Court denied certiorari review.

Petitioner subsequently filed a state application for a writ of habeas corpus.  Without holding an evidentiary hearing on Petitioner's claims, the state trial-level habeas court entered findings of fact and conclusions of law and recommended to the Texas Court of Criminal Appeals that Petitioner's application be denied.  The Texas Court of Criminal Appeals adopted the trial judge's findings and conclusions and denied Petitioner's application.

Petitioner then filed a federal petition for a writ of habeas corpus in March 2001.  The federal district court denied relief and also denied Petitioner's application for a COA. Petitioner filed a timely notice of appeal.  Petitioner now appeals the district court's denial of a COA.

Petitioner raises eight issues in twelve separate grounds for relief.  Succinctly stated, Petitioner complains that:  (1) the trial court allowed the state to exercise a peremptory strike against a prospective juror who already had been accepted by the

2

defense (Ground 2); (2) the trial court refused to allow voir dire, evidence, or argument regarding parole eligibility (Ground 3); (3) evidence of an unadjudicated extraneous offense was admitted during the sentencing phase of trial, despite the lack of timely notice by the state of its intention to use evidence of an unadjudicated extraneous offense and its failure to prove the unadjudicated extraneous offense beyond a reasonable doubt (Grounds 4, 5, and 6); (4) the Texas death penalty scheme is unconstitutional (Grounds 7 and 8); (5) the trial court deprived him of the opportunity to investigate possible jury misconduct (Ground 9); (6) the trial court failed to suppress certain evidence seized without a warrant or probable cause (Ground 10); (7) he received ineffective assistance of counsel (Grounds 1, 4, 6, and 11); and (8) the cumulative effect of these constitutional errors violated his right to a fair trial (Ground 12).

## II. STANDARD FOR GRANTING A CERTIFICATE OF APPEALABILITY

Hughes filed his § 2254 petition for a writ of habeas corpus after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The petition, therefore, is subject to the procedures imposed by AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

Under AEDPA, a petitioner must obtain a COA before he can appeal the district court's denial of habeas relief. *See* 28 U.S.C. § 2253(c); *see also Miller-El v. Cockrell*, 537 U.S. 322,

3

336 (2003) ("[U]ntil a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners.").

> The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits. We look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason. This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it.

*Miller-El*, 537 U.S. at 336.

A COA will be granted only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 342. "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.* at 338. Moreover, "[b]ecause the present case involves the death penalty, any doubts as to whether a COA should issue must be resolved in [petitioner's] favor." *Hernandez v.*

4

*Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

We further note that when reviewing the district court's assessment, we must be mindful of the deferential standard of review of 28 U.S.C. § 2254(d). Under § 2254(d), a federal court cannot grant habeas corpus relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). With respect to the review of factual findings, AEDPA significantly restricts the scope of federal habeas review. Factual findings are presumed to be correct, and a petitioner has the burden of rebutting this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

<u>III. ANALYSIS</u>

A.   <u>Appointment of trial counsel claim</u>

In his first ground for relief, Petitioner contends that his trial counsel were not qualified or certified to represent defendants in death penalty cases. Specifically, Petitioner argues that his lawyers were presumptively unqualified, ineffective, and incompetent because the standards for

5

appointment in death penalty cases, together with a list of qualified attorneys, were not posted in the district clerk's office as required by Article 26.052 of the Texas Code of Criminal Procedure.[1]

To prevail on a claim of ineffective assistance of counsel, Petitioner must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). Regarding the first prong, "[t]o establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688). Regarding the second prong, "to establish prejudice, a 'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* at 534 (quoting *Strickland*, 466 U.S. at 694).

---

[1] Article 26.052 ensures that indigent defendants accused of capital murder are appointed counsel who are qualified under standards adopted by a specially designated committee in each administrative judicial region. Once these standards are promulgated, Article 26.052 requires the committee to "prominently post the standards in each district clerk's office in the region with a list of attorneys qualified for appointment." Tex. Code Crim. Proc. Ann. art. 26.052(d)(3) (Vernon Supp. 2003).

In the instant case, the district court found Petitioner's argument "specious" and we agree. Notwithstanding the state's technical violation of Article 26.052, the Texas Court of Criminal Appeals held that any error in this regard was harmless:

> [T]he record reflects [appellant] was represented by fully qualified and capable counsel. Both men were trial attorneys possessing extensive experience in criminal matters, including capital murder litigation. Their actions at appellant's trial capably demonstrate this experience. Additionally, the list of qualified counsel that was eventually posted in compliance with [Article 26.052] contained the names of both appellant's appointed counsel, and the trial judge, in his findings of fact and conclusions of law on this issue, asserted that, if the list had been available, he would have chosen both attorneys to represent appellant in this case.

*Hughes v. State*, 24 S.W.3d 833, 837-38 (Tex. Crim. App. 2000). Because Petitioner failed to show that the finding of harmless error was incorrect, the district court overruled this ground for relief.

By complaining only of a state statutory violation, Petitioner has failed to allege a constitutional violation. *See Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994) ("A state prisoner seeking federal court review of his conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right."). Petitioner alleges only that because his trial attorneys were not appointed pursuant to Article 26.052, counsel were presumptively deficient. No clearly established federal law supports such a conclusion, and we have never adopted such a *per se* rule. *See United States v. Maria-*

7

*Martinez*, 143 F.3d 914, 916 (5th Cir. 1998) ("This court has never applied a *per se* ineffectiveness rule; accordingly, whether and when we may apply such a rule is *res nova* in this circuit."); *United States v. McKinney*, 53 F.3d 664, 675 (5th Cir. 1995) (stating that even where an attorney was not duly licensed to practice law because of a failure to meet the substantive requirements for the practice of law, there is no Sixth Amendment violation where the attorney was adequately credentialed to practice law before the federal court).  Accordingly, we find that reasonable jurists could not debate the district court's conclusion that Petitioner's first ground for relief is without merit, nor could jurists conclude that this claim deserves encouragement to proceed further, and we decline to issue a COA on this claim.

B.   Peremptory strike claim

In his second ground for relief, Petitioner contends that the trial court violated his right to due process under the Eighth[2] and Fourteenth Amendments by allowing the state to improperly exercise a peremptory strike against a prospective juror who already had been accepted by the defense for service on the jury.  At trial, Petitioner objected to the state's exercise of a peremptory strike against the prospective juror in question

---

[2]  We note that the Eighth Amendment does not contain a due process requirement; however, Petitioner attempts to incorporate due process protections into the Eighth Amendment.

on the ground that, in a capital case, Texas state law requires the state to exercise its peremptory strike before defense counsel accepts a prospective juror.  *See* Tex. Code Crim. Proc. Ann. art. 35.13 (Vernon Supp. 2003).

The district court determined that the United States Supreme Court has never held that the order in which parties exercise their peremptory strikes in a death penalty case violates due process or any other federal constitutional right.  *See, e.g.*, *Georgia v. McCollum*, 505 U.S. 42, 57 (1992) ("[P]eremptory challenges are not constitutionally protected fundamental rights . . . [and] may be withheld altogether without impairing the constitutional guarantee of an impartial jury and a fair trial."); *Pointer v. United States*, 151 U.S. 396, 410 (1894) ("[T]he order in which peremptory challenges shall be exercised is in the discretion of the court.").  The district court also found that Petitioner's complaint was based on state procedural law alone and that Petitioner did not allege a constitutional due process violation on direct appeal.  Accordingly, the district court concluded that any extension of federal constitutional principles to Petitioner's second claim was foreclosed by the non-retroactivity doctrine established in *Teague v. Lane*, 489 U.S. 288 (1989).  *Teague* prohibits the retroactive application of new constitutional rules of criminal procedure on collateral review.  *Id.* at 310.  Under *Teague*, a new rule is one which

9

either breaks new ground, imposes a new obligation on the states or the federal government, or was not dictated by precedent existing at the time the defendant's conviction became final.[3] *See Graham v. Collins*, 506 U.S. 461, 467 (1993) (quoting *Teague*, 489 U.S. at 301). Unless reasonable jurists hearing the defendant's claim at the time his conviction became final would have felt compelled by existing precedent to rule in his favor, a federal habeas court is barred from doing so on collateral review. *Id.* (quoting *Saffle v. Parks*, 494 U.S. 484, 488 (1990)).

There are two exceptions to the non-retroactivity principle announced in *Teague*: (1) where the new rule of criminal procedure places certain kinds of conduct beyond the power of the government to proscribe; or (2) if the rule requires the observance of procedures that are "implicit in the concept of ordered liberty." *Teague*, 489 U.S. at 307 (citations omitted). "[U]nless the Supreme Court has clearly established that the new rule falls within one of the exceptions to the non-retroactivity principle of *Teague v. Lane*, that new rule could not be considered with regard to petitions governed by [] AEDPA."

---

[3] A conviction becomes final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied. *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994). Petitioner's timely filed petition for a writ of certiorari was denied by the Supreme Court on November 6, 2000. *See Hughes v. Texas*, 531 U.S. 980, 980 (2000).

10

*Cockerham v. Cain*, 283 F.3d 657, 660 (5th Cir. 2002).

Petitioner does not cite any authority in existence as of the date his conviction became final for *Teague* purposes, November 6, 2000, which would have compelled reasonable jurists on that date to accept Petitioner's second claim for relief. Moreover, neither of the two exceptions to the non-retroactivity principle announced in *Teague* applies to Petitioner's claim.

In addressing Petitioner's second claim "for a grant of COA based on the irregularity in the sequence of challenges during voir dire, we [also] note that violations of state law are not generally cognizable on habeas review unless the error renders the trial as a whole fundamentally unfair." *Bigby v. Cockrell*, 340 F.3d 259, 278 (5th Cir. 2003). To be entitled to the grant of a COA on this claim, Petitioner must show that the tactical disadvantage he purportedly suffered as a result of the trial court's action resulted in a fundamentally unfair trial. *See id.* By complaining only of a violation of state procedure, Petitioner has failed to show that the panel eventually seated was constitutionally biased or that the trial was fundamentally unfair. Accordingly, we find that reasonable jurists could not debate the district court's conclusion that Petitioner's second claim for relief is without merit, nor could jurists conclude that this claim deserves encouragement to proceed further, and we decline to issue a COA on this claim.

11

C.  Parole eligibility claim

In his third ground for relief, Petitioner contends that his rights under the Fifth, Eighth, and Fourteenth Amendments were violated when the trial court refused to allow voir dire, evidence, or argument regarding minimum parole eligibility.

The district court concluded that Petitioner's parole eligibility claim was *Teague*-barred on the basis of this Court's decision in *Woods v. Cockrell*, 307 F.3d 353 (5th Cir. 2002).  In *Woods*, we declined to extend the Supreme Court's decision in *Simmons v. South Carolina*, 512 U.S. 154 (1994), which holds that where a defendant's future dangerousness is at issue and state law prohibits his release on parole after being sentenced to life imprisonment, the jury must be informed that the defendant is legally ineligible for parole.  *Id.* at 361.  We concluded that under *Simmons*, providing the jury with information regarding parole eligibility "is *required* only where state law provides for life imprisonment without possibility of parole as an alternative to the death penalty."  *Id.*  Where a defendant sentenced to life imprisonment as an alternative to the death penalty is parole eligible, as Petitioner here is, *Simmons* does not require that the jury be informed of minimum parole eligibility.  *Id.* Moreover, in *Woods*, we determined that even if *Simmons* were to apply, it would be a new rule of constitutional criminal procedure and thus *Teague*-barred.  *See id.; see also O'Dell v.*

12

*Netherland*, 521 U.S. 151, 165-66 (1997) (holding that extending the rule of *Simmons* would establish a new rule of constitutional law not within one of the exceptions to *Teague* and therefore inapplicable retroactively on collateral review).

Accordingly, we find that reasonable jurists could not debate the district court's conclusion that Petitioner's third claim for relief is *Teague*-barred, nor could jurists conclude that this claim deserves encouragement to proceed further, and we decline to issue a COA on this claim.

D.   <u>Introduction of extraneous offense evidence claims</u>

In his fourth ground for relief, Petitioner alleges that he was denied effective assistance of counsel and due process of law under the Sixth, Eighth, and Fourteenth Amendments when the trial court allowed the introduction of evidence of an unadjudicated capital murder during the sentencing phase of trial, despite the state's untimely notice.  In his sixth ground for relief, Petitioner contends that Article 37.071 of the Texas Code of Criminal Procedure, which does not require the state to notify capital murder defendants of its intent to use extraneous offense evidence at the sentencing phase of trial, violates his right to due process and effective assistance of counsel, as guaranteed by the Sixth, Eighth, and Fourteenth Amendments.

Regarding Petitioner's due process claims, the district court found that although Petitioner's trial counsel sought to

13

exclude evidence linking Petitioner to another murder, he never objected on federal constitutional grounds. The district court then noted that the state habeas court had determined that these constitutional claims were waived. The district court further determined that the failure to preserve error at the state court level is an adequate state procedural bar for purposes of federal habeas review. *See Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999).

Although the state habeas court went on to address the merits of Petitioner's claim regarding the introduction of an unadjudicated extraneous offense, "[t]he rule in this circuit is that, when a state court bases its decision upon the alternative grounds of procedural default and a rejection of the merits, a federal court must, in the absence of good 'cause' and 'prejudice,' deny habeas relief because of the procedural default." *Cook v. Lynaugh*, 821 F.2d 1072, 1077 (5th Cir. 1987). Here, Petitioner offers no explanation for the procedural default of his extraneous offense evidence claims. Consequently, we find that reasonable jurists could not debate the district court's conclusion that Petitioner's due process claims are procedurally barred for purposes of federal habeas review, nor could jurists conclude that these claims deserve encouragement to proceed further, and we decline to issue a COA on these claims.

Regarding Petitioner's ineffective assistance of counsel

14

claims, the district court determined that Petitioner did not articulate how the actual performance of counsel was deficient. The district court also determined that Petitioner was merely reurging his lack-of-notice complaint under the guise of an ineffective assistance complaint in a "transparent attempt to circumvent the procedural bar" that precluded federal habeas review on the merits. Because Petitioner fails even to plead counsel deficiency or prejudice, *see Strickland v. Washington*, 466 U.S. 668, 687 (1984), we find that reasonable jurists could not debate the district court's conclusion that Petitioner's ineffective assistance of counsel claims are without merit, nor could jurists conclude that these claims deserve encouragement to proceed further, and we decline to issue a COA on these claims.

E.    Proof of extraneous offense evidence claim

In his fifth ground for relief, Petitioner contends that his right to due process under the Eighth and Fourteenth Amendments was violated when the jury was allowed to consider evidence of an unadjudicated capital murder at the sentencing phase of trial without requiring the state to prove the offense beyond a reasonable doubt.

In reviewing Petitioner's fifth ground for relief, the district court concluded that this claim is foreclosed by *Teague* because the Supreme Court has never held that the federal constitution requires a state to prove an extraneous offense

15

beyond a reasonable doubt. *See Harris v. Johnson*, 81 F.3d 535, 541 (5th Cir.) ("[T]he use of evidence of unadjudicated extraneous offenses, at the sentencing phase of Texas capital murder trials, does not implicate constitutional concerns."), *cert. denied*, 517 U.S. 1227 (1996). Petitioner does not cite any authority in existence as of the date his conviction became final for *Teague* purposes, November 6, 2000, which would have compelled reasonable jurists on that date to accept Petitioner's fifth ground for relief. Moreover, neither of the two exceptions to the non-retroactivity principle announced in *Teague* applies to Petitioner's claim. Therefore, we find that reasonable jurists could not debate the district court's conclusion that Petitioner's fifth ground for relief is *Teague*-barred, nor could jurists conclude that this claim deserves encouragement to proceed further, and we decline to issue a COA on this claim.

F.    Future dangerousness special issue claim

In his seventh ground for relief, Petitioner complains that the Texas death penalty scheme violates his Fourteenth Amendment right to due process and his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, Article 37.071 of the Texas Code of Criminal Procedure states that all twelve jurors must answer the future dangerousness issue affirmatively before the trial court may impose the death penalty. *See* Tex. Code Crim. Proc. Ann. art. 37.071 (Vernon Supp. 2003). At least

16

ten jurors, however, must answer the special issue negatively in order for a life sentence to be imposed. *See id.* If a capital jury does not unanimously answer the future dangerousness issue affirmatively, or garner ten "no" votes, the result is a life sentence. *See id.* Petitioner argues that the future dangerousness special issue question may confuse jurors in that jurors inclined to vote "no" may be persuaded to change their votes to "yes" in the mistaken belief that unless at least ten jurors vote "no," the defendant will receive the death penalty.

The district court determined that this claim advocates an extension of the Supreme Court's decision in *Mills v. Maryland*, 486 U.S. 367 (1988), and that such an extension has been consistently rejected by this Court. In *Mills*, the Supreme Court rejected a state death penalty scheme in which jurors likely believed that they were required to agree unanimously on the existence of a specific mitigating circumstance. *Mills*, 486 U.S. at 384. As the district court noted, we have consistently held that we are barred by *Teague* from extending *Mills*. *See Miller v. Johnson*, 200 F.3d 274, 288 (5th Cir.) (stating that *Mills* is not applicable to the Texas capital sentencing scheme), *cert. denied*, 531 U.S. 849 (2000); *Jacobs v. Scott*, 31 F.3d 1319, 1328-29 (5th Cir. 1994) (same), *cert. denied*, 513 U.S. 1067 (1995). Because we are barred by *Teague* from extending *Mills*, no clearly established federal law calls into doubt the Texas death penalty

17

statute. Accordingly, we find that reasonable jurists could not debate the district court's conclusion that Petitioner's seventh ground for relief is *Teague*-barred, nor could jurists conclude that this claim deserves encouragement to proceed further, and we decline to issue a COA on this claim.

G.  Jury discretion claim

In his eighth ground for relief, Petitioner alleges that he was denied the right to due process and to be free from cruel and unusual punishment, as guaranteed by the Fifth, Eighth, and Fourteenth Amendments, because the Texas capital sentencing statute restricts the discretion of jurors to impose the death penalty while allowing them unrestricted discretion to consider all mitigating evidence.

We find Petitioner's argument to be entirely without merit. Moreover, the district court determined that Petitioner's claim advocates the adoption of Justice Blackmun's dissenting opinion in *Callins v. Collins*, 510 U.S. 1141 (1994). The district court concluded that because the Supreme Court has never adopted that minority view, Petitioner's claim was foreclosed by *Teague*.

We agree with the district court that Petitioner's argument is *Teague*-barred. Accordingly, we find that reasonable jurists could not debate the district court's conclusion that Petitioner's eighth ground for relief is without merit, nor could jurists conclude that this claim deserves encouragement to

18

proceed further, and we decline to issue a COA on this claim.

H.    Jury misconduct claims

In his ninth ground for relief, Petitioner contends that he
was denied due process in violation of the Eighth and Fourteenth
Amendments when the state trial court failed to conduct an *in
camera* examination of the jurors to determine whether the state
had engaged in improper jury communication.

Although Petitioner challenged the state trial court's
ruling, the district court found that Petitioner did not do so on
federal constitutional grounds.  The district court further found
that because Petitioner failed to present his constitutional
claims to the Texas Court of Criminal Appeals, his constitutional
claims remain unexhausted.  *See Duncan v. Henry*, 513 U.S. 364,
366 (1995) ("If a habeas petitioner wishes to claim that an
evidentiary ruling at a state court trial denied him the due
process of law guaranteed by the Fourteenth Amendment, he must
say so, not only in federal court, but in state court.").  Under
Article 11.071 of the Texas Code of Criminal Procedure, a
petitioner is prohibited from filing a second habeas petition in
a death penalty case if the petitioner urges grounds therein that
could have been, but were not, raised in a timely initial
petition.  *See* Tex. Code Crim. Proc. Ann. art. 11.071, § 5

19

(Vernon Supp. 2003).[4]  The district court determined that this statute constitutes an adequate state procedural bar for purposes of federal habeas review.  *See Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 515 U.S. 1153 (1995).  The district court further determined that the procedural bar doctrine also applies to unexhausted claims if the state court likely would

---

[4]  Article 11.071 of the Texas Code of Criminal Procedure provides in pertinent part:

(a)  If a subsequent application for a writ of habeas corpus is filed after filing an initial application, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

(1)  the current claims and issues have not been and could not have been presented previously in a timely initial application or in a previously considered application filed under this article or Article 11.07 because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application;

(2)  by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt; or

(3)  by clear and convincing evidence, but for a violation of the United States Constitution no rational juror would have answered in the state's favor one or more of the special issues that were submitted to the jury in the applicant's trial under Article 37.071 or 37.0711.

Tex. Code Crim. Proc. Ann. art. 11.071, § 5(a) (Vernon Supp. 2003).

dismiss a successive habeas petition under Article 11.071. *See Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir.) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)) (noting that procedural default occurs when a petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred"), *cert. denied*, 534 U.S. 945 (2001).  The district court found that a Texas court, if presented with Petitioner's claim in a successive habeas petition, would find it barred and, therefore, procedurally defaulted.

Under Article 11.071, a Texas court may not consider the merits of, or grant relief based on, a second habeas petition unless, *inter alia*, "the . . . claims and issues have not been and could not have been presented previously in a timely initial application . . . because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application."  Tex. Code Crim. Proc. Ann. art. 11.071, § 5(a)(1).  In the instant case, Petitioner's constitutional claim could have been, but was not, raised in his initial state habeas petition.  Therefore, we agree with the district court's conclusion that a Texas court, if presented with Petitioner's claim in a successive habeas petition, would find it barred.  Accordingly, we find that reasonable jurists could not debate the

21

district court's conclusion that Petitioner's ninth ground for relief is procedurally barred, nor could jurists conclude that this claim deserves encouragement to proceed further, and we decline to issue a COA on this claim.

I.    Denial of motion to suppress claim

In his tenth ground for relief, Petitioner complains that he was denied due process under the Eighth and Fourteenth Amendments when the trial court failed to grant his motion to suppress. Specifically, Petitioner argues that the trial court should have suppressed certain evidence, including the murder weapon, blood-stained clothing, and stolen items belonging to the murder victims, as the fruits of an illegal arrest.

The district court determined that Petitioner's suppression-related claim was barred from federal habeas review by the doctrine set forth in *Stone v. Powell*, 428 U.S. 465 (1976). The *Stone* doctrine states that a federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *See Stone*, 428 U.S. at 494; *Williams v. Collins*, 16 F.3d 626, 637-38 (5th Cir.), *cert. denied*, 512 U.S. 1289 (1994). This rule applies to all claims arising under the Fourth Amendment. *See, e.g.*, *Cardwell v. Taylor*, 461 U.S. 571, 572 (1983) (per curiam) (arrest); *Williams*, 16 F.3d at 637-38 (search and seizure). In order to obtain post-conviction relief in federal

22

court, a petitioner must plead and prove that the state court proceeding was inadequate. *See Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986) (per curiam).

The district court found that Petitioner was afforded a full and fair opportunity to litigate his search and seizure claim at trial and on direct appeal. According to the district court, the Texas Court of Criminal Appeals reviewed the record and determined that the warrantless arrest of Petitioner was justified because the "police had satisfactory proof to believe that the occupants of the car they were pursuing had just committed a double murder/robbery and that their escape was imminent." *Hughes v. State*, 24 S.W.3d 833, 840 (Tex. Crim. App. 2000). Accordingly, the district court concluded that evidence seized incident to Petitioner's lawful arrest was properly admissible.

We agree with the district court that Petitioner was afforded a full and fair opportunity at trial to challenge his arrest, the search of the car, and the seizure of evidence. Because the state court proceeding was not inadequate, the doctrine set forth in *Stone* dictates that Petitioner is barred from obtaining federal habeas relief on his Fourth Amendment claim. Therefore, we find that reasonable jurists could not debate the district court's conclusion that Petitioner's tenth ground for relief is barred by the *Stone* doctrine, nor could

23

jurists conclude that this claim deserves encouragement to proceed further, and we decline to issue a COA on this claim.

J.    Ineffective assistance of counsel claims

In his eleventh ground for relief, Petitioner contends that his trial counsel were ineffective in mishandling certain aspects of the state court trial and failing to preserve error for appellate and post-conviction review.  Specifically, Petitioner contends that he was denied effective assistance of counsel for the following reasons:  (1) his counsel were rendered ineffective by the state's failure to give timely notice of its intent to use extraneous offense evidence; (2) his counsel were not qualified or certified to represent defendants in death penalty cases under Article 26.052 of the Texas Code of Criminal Procedure; (3) his counsel failed to present evidence in support of his jury misconduct claim; (4) his attorneys failed to prove that in connection with the litigation of his motion to suppress, Petitioner had a reasonable expectation of privacy and standing to assert his Fourth Amendment claim; (5) his attorneys were ineffective in conducting voir dire; (6) his counsel failed to object to the racial composition of the jury; (7) his attorneys argued in error that he was eligible for parole after thirty-five years rather than after forty years; and (8) his trial attorneys failed to cooperate with his state habeas counsel.

Regarding Petitioner's eleventh ground for relief, we conclude that Petitioner has waived his third through eighth

24

ineffective assistance of counsel complaints through inadequate briefing.[5]  Federal Rule of Appellate Procedure 28(a)(4) "requires that the appellant's argument contain the reasons he deserves the requested relief 'with citation to the authorities, statutes and parts of the record relied on.'"  *Weaver v. Puckett*, 896 F.2d 126, 128 (5th Cir.) (citations omitted), *cert. denied*, 498 U.S. 966 (1990); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) ("Where a habeas petitioner fails to brief an argument adequately, [this Court] consider[s] it waived.").  In his petition to this Court, Petitioner merely lists his ineffective assistance complaints in summary fashion, without discussing the legal and factual basis for each complaint.  In failing to brief his ineffective assistance of counsel complaints adequately, Petitioner has waived those claims.

    K.    <u>Cumulative error claim</u>

In his twelfth and final ground for relief, Petitioner contends that the cumulative effect of the alleged violations of his federal constitutional rights outlined in his petition violated his right to a fair trial.  The district court noted that the cumulative error complaint raised on federal habeas

---

[5]  Petitioner has not waived his first two ineffective assistance of counsel complaints because Petitioner adequately briefed those complaints elsewhere in his petition to this Court. The merits of these complaints are discussed in Parts III.A and III.D, *infra*.

review includes alleged errors that had never been presented to the state courts for review. The district court concluded that because those underlying claims are procedurally barred from federal habeas review, Petitioner's twelfth ground is likewise barred due to procedural default.

We agree with the district court that Petitioner's cumulative error claim is barred from federal habeas review. "Meritless claims or claims that are not prejudicial [or claims that are procedurally barred] cannot be cumulated." *See Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996). Accordingly, we find that reasonable jurists could not debate the district court's conclusion that Petitioner's claim is procedurally defaulted, nor could jurists conclude that this claim deserves encouragement to proceed further, and we decline to issue a COA on this claim.

## IV. CONCLUSION

Petitioner has not shown that reasonable jurists could disagree with the district court's denial of any of his claims, nor could jurists conclude that any of Petitioner's claims deserve encouragement to proceed further. Accordingly, we deny Petitioner's Application for a Certificate of Appealability from Denial of a Petition for Writ of Habeas Corpus.

DENIED.