PRADO, Circuit Judge:
The issue in this case is whether orders of deferred adjudication community super-vision[1] and straight probation are final judgments for purposes of the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”) one-year statute of limitations.[2] This is a question of first impres *523 sion in this circuit. We hold that orders of deferred adjudication and straight probation are final judgments for purposes of AEDPA’s one-year statute of limitations. For the reasons that follow, we affirm the judgments of the district courts.
I
The district courts dismissed Petitioners-Appellants’ habeas corpus petitions on procedural grounds. Thus, only the procedural posture of the three cases are relevant to the question before us.

A. Robert Franklin Caldwell

Robert Franklin Caldwell was indicted for the felony offense of aggravated assault. He pleaded guilty to the charges, and on June 17, 1998, the state trial court placed Caldwell on ten years of deferred adjudication probation. An order of deferred adjudication, by definition, defers an adjudication of guilt or innocence. Pursuant to the order of deferred adjudication, Caldwell was placed on probation for a period of ten years. Caldwell did not seek direct review of the deferred adjudication order.
Caldwell subsequently violated the terms of his probation, and on April 28, 2000, the state trial court revoked his probation. Pursuant to his earlier guilty plea, the state trial court issued a judgment finding Caldwell guilty of aggravated assault. Caldwell was sentenced to twenty-five years in prison. He timely appealed to the court of appeals, which dismissed the portion of his appeal regarding the state trial • court’s judgment to proceed with adjudication for lack of jurisdiction. The court of appeals affirmed the remainder of the judgment, issuing a mandate in November of 2001.[3]
Caldwell filed his second[4] state application for habeas corpus relief challenging his conviction in February 2002. The Texas Court of Criminal Appeals denied habe-as relief without written order. On September 5, 2002, Caldwell filed a petition for federal habeas relief. The magistrate judge found that AEDPA’s one-year statute of limitations had began to run on July 17, 1998, thirty days after the trial judge entered the order of deferred adjudication community supervision, and expired on July 17, 1999. The district court adopted the magistrate judge’s report and recommendation and dismissed Caldwell’s petition as untimely.
Caldwell timely filed a notice of appeal. The district court granted Caldwell a certificate- of appealability to this court on whether the district court erred in determining that all issues relating to Caldwell’s guilty plea and the deferred adjudication community supervision became final thirty days after the order was imposed, rather than thirty days after the formal adjudication of guilt.

B. Pete Ronald Martinez

Pete Ronald Martinez was indicted for the felony offense of aggravated robbery. He pleaded guilty to aggravated robbery with a deadly weapon on January 22, 1998. The state trial court found sufficient evi *524 dence substantiating Martinez’s guilt and placed him on ten years deferred adjudication community supervision. Martinez violated the terms of his community supervision, and on August 28, 2000, the state trial court adjudicated Martinez guilty pursuant to his earlier guilty plea. The state trial court sentenced him to forty-five years imprisonment.
Martinez filed a motion for a new trial in September 2000. The trial court denied the motion for a new trial, and Martinez appealed, complaining of the effectiveness of his attorney at the original plea hearing. The court of appeals dismissed the appeal in October 2001 for lack of jurisdiction, reasoning that Martinez’s ineffective assistance claim had to be raised in an appeal from the imposition of deferred adjudication probation.[5]
Martinez filed a state writ of habeas corpus in July 2002. The Texas Court of Criminal appeals denied the application without written order. Martinez filed his federal writ petition on December 5, 2002, raising issues relating to his guilty plea. Unlike the magistrate judge’s determination in Caldwell’s case, the federal district court concluded that AEDPA’s one-year statute of limitations began to run from the judgment adjudicating guilt, entered after the trial court revoked Martinez’s deferred adjudication community supervision. Thus, according to the district court’s order, the AEDPA one-year limitations period began to run thirty days after the assessment of the forty-five year sentence. However, the district court found that Martinez’s petition was nevertheless time-barred since it concluded that Martinez’s state court application for habeas relief did not toll AEDPA’s statute of limitations.[6]
Martinez timely filed his notice of appeal. The district court granted Martinez a certificate of appealability on whether his conviction became final after the expiration of the time for appealing his guilty plea and the deferred adjudication, or if his conviction became final after the expiration of time for appealing the state court’s judgment adjudicating guilt.

C. David Franklin Beck

David Franklin Beck was charged with sexual assault of a child. Beck pleaded not guilty but was convicted by a jury. Pursuant to the jury’s recommendation, the trial court sentenced Beck to ten years community supervision on February 23, 2000. In February 2001 the court of appeals affirmed Beck’s conviction.
Beck violated the terms of his probation, and in May of 2001, the state moved to revoke Beck’s probation. The trial court revoked Beck’s probation on June 29, 2001 and sentenced him to ten years confinement. Beck gave timely notice of appeal from the judgment revoking his community supervision but withdrew the notice of appeal in early March 2002.
Subsequently, on March 12, 2002, Beck filed an application for state habeas relief, pursuant to article 11.07 of the Texas Code of Criminal Procedure. The Texas Court of Criminal Appeals denied Beck’s applica *525 tion for writ of habeas corpus without written order in August 2002. Beck filed a petition for writ of habeas corpus in federal district court on October 8, 2002. In June 2003, the magistrate judge recommended that Beck’s petition be denied as barred by the limitations period. The magistrate judge agreed with the State that Beck’s conviction became final on March 9, 2001, the date on which the time to file a petition for discretionary review in the Texas Court of Criminal Appeals expired. According to the magistrate judge, AEDPA’s statute of limitations period expired on March 9, 2002, three days before Beck filed his state habeas application. The district court adopted the findings and recommendation of the magistrate judge.
Beck gave timely notice of appeal from the judgment entered by the district court. The district court granted a certificate of appealability to Beck on the issue of when a conviction and imposition of a probationary sentence, which is subsequently revoked, is final for purposes of AEDPA’s one-year statute of limitations period.
II
We review a district court’s denial of a habeas application on procedural grounds de novo. Larry v. Dretke, 361 F.3d 890, 893 (5th Cir.2004); Emerson v. Johnson, 243 F.3d 931, 932 (5th Cir.2001).
AEDPA procedure governs these cases because each habeas petition was filed pursuant to 28 U.S.C. § 2254, after AEDPA’s effective date.[7] Hughes v. Dretke, 412 F.3d 582, 588 (5th Cir.2005). AEDPA requires that “an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court” be filed within one-year of “the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.” 28 U.S.C. § 2244(d)(1).
In the case of Petitioners Caldwell and Martinez, the issue is whether an order of deferred adjudication following a guilty plea is a final judgment upon the expiration of the time for seeking direct review, for purposes of section 2244, when the applicant only challenges issues pertaining to his guilt. If an order of deferred adjudication is a final judgment for this purpose, then Petitioners’ habeas petitions are untimely because they were filed more than one year after the orders of deferred adjudication issued. If an order of deferred adjudication is not a final judgment for purposes of section 2244, however, then the judgment adjudicating guilt triggered the statute of limitations, and Petitioners’ habeas applications are timely.
In Petitioner Beck’s case, the issue is whether a judgment entered pursuant to a guilty verdict that results in community supervision is a final judgment upon the expiration of the time for seeking direct review, for purposes of section 2244, when the applicant only challenges issues pertaining to his guilt. If an order imposing straight community supervision is final for purposes of section 2244, then Beck’s ha-beas petition is untimely. However, if an order imposing community supervision is not a final judgment for these purposes, then the statute of limitations began to run when Beck’s probation was revoked. In that case, his habeas petition is timely.
The district courts within the Fifth Circuit are split as to whether an order of deferred adjudication constitutes a final judgment for purposes of section 2244. *526 See Wilkinson v. Cockrell, 240 F.Supp.2d 617, 620-22 (N.D.Tex.2002). Many have concluded that an order of deferred adjudication is not a final judgment and therefore does not trigger AEDPA’s statute of limitations. These courts have held that the judgment adjudicating guilt is the relevant state-court judgment for purposes of 28 U.S.C. § 2244(d)(1). In those instances, the courts have reasoned that either (1) an order of deferred adjudication is not a final judgment because it is not a judgment; or (2) an order of deferred adjudication is not a final conviction because there has been no adjudication of guilt.[8] By contrast, some district courts have held that an .order of deferred adjudication or straight probation[9] is a final judgment that triggers the running of the statute of limitations under section 2244.[10]

A. Is an order of deferred adjudication a judgment for purposes of section

First, we address whether an order deferring adjudication community supervision is a judgment for purposes of section 2244. Petitioners Caldwell and Martinez contend that we should look to Texas state law to determine the meaning of the term “judgment” in section 2244. According to Texas state law, “A judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant.” Tex.CRIm. PROc.Code Ann. art. 42.01.[11] Therefore, among other “typical trappings of a Texas judgment,”[12] a final judgment must contain a conviction or acquittal of the defendant. Id. Caldwell *527 and Martinez argue that because a deferred adjudication, by definition, defers an adjudication of guilt or innocence, such an order is not a judgment under Texas law,[13] and consequently should not be a judgment under section 2244.
The plain language of AEDPA, as well as its underlying purpose, lead us to disagree. In interpreting AEDPA, our task is to construe what Congress has enacted, beginning with the language of the statute. Duncan v. Walker, 533 U.S. 167, 172, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). It is an elementary canon of statutory construction that we must give a term consistent meaning throughout an act. Morse v. Republican Party, 517 U.S. 186, 249-50, 116 S.Ct. 1186, 134 L.Ed.2d 347 (1996). In interpreting the term “judgment,” we observe that the term should be construed, if possible, consistently throughout AEDPA. See Gustafson v. Alloyd Co., 513 U.S. 561, 568, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995).
Petitioners’ interpretation of the phrase “person in custody pursuant to the judgment of a State court” would result in two different meanings within AEDPA. See Shelby v. Bartlett, 391 F.3d 1061, 1064 (9th Cir.2004). Section 2254 of AEDPA confers jurisdiction on federal courts to hear habeas petitions by those “in custody pursuant to the judgment of a State court.”[14] Therefore, a person, like the Petitioners, who wishes to bring a habeas petition pursuant to section 2254 in federal court, must be in custody pursuant to the judgment of a state court. Like section 2254, section 2244(d)(1) of AEDPA imposes a one-year statute of limitations on an application for writ of habeas corpus by a “person in custody pursuant to the judgment of a State court.” If as Petitioners suggest, an order deferring adjudication is not a judgment pursuant to a state court for purposes of section 2244, then a habeas petition under AEDPA section 2254 would be brought by a “person in custody pursuant to the judgment of a State court” for purposes of habeas jurisdiction, but would not be brought by a “person in custody pursuant to the judgment of a State court” for purposes of AEDPA’s limitation period.[15] See id.; Kimbrell v. Cockrell, 311 F.3d 361, 363 (5th Cir.2002). This inconsistency implies that Petitioners are incorrect, and an order deferring adjudication is a judgment for purposes of triggering AEDPA’s limitation period.
Although an order of deferred adjudication is not a judgment under Texas law, it is a judgment under the relevant federal law. The Federal Rules of Civil Procedure explicitly state that they are applica *528 ble to habeas corpus proceedings. Fed. R.Civ.P. 81.[16] In addition, the Rules Governing Section 2254 Cases, Rule 11, states that “[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.” The Federal Rules of Civil Procedure define “judgment” as including “a decree or any order from which an appeal lies.” Fed.R.Civ.P. 54; see also Black’s Law Dictionary (8th ed. 2004)(“The term judgment includes an equitable decree and any order from which an appeal lies.”).
An appeal lies from both an order of deferred adjudication and an order of straight probation. In Manuel v. State, the Texas Court of Criminal appeals held that a defendant placed on deferred adjudication community supervision, like defendants placed on regular community supervision, may appeal issues relating to the original plea proceedings when the deferred adjudication community supervision is first imposed. 994 S.W.2d 658, 661-62 (Tex.Crim.App.1999). In fact, the Manuel court stated that a defendant on regular or deferred community supervision may only appeal issues relating to the original plea proceedings when deferred adjudication community supervision is originally imposed. Id. (“We have long held that a defendant placed on ‘regular’ community supervision may raise issues relating to the conviction, such as evidentiary sufficiency, only in appeals taken when community supervision is originally imposed .... we now hold that this rule also applies in the deferred adjudication context.”). Thus, according to the plain meaning of the word “judgment,” an order of deferred adjudication community supervision, in addition to an order of straight or regular community supervision, is a judgment for purposes of section 2244.
This result is consistent with Congress’s stated legislative intent in enacting AED-PA. The Committee of Conference explained that the intent of the habeas corpus reforms was to “curb the abuse of the statutory writ of habeas corpus,” and “address problems of unnecessary delay.” H.R. Conf. Rep. No. 104-518, at 111 (1996), U.S.Code Cong. & Admin.News 1996 at pp. 924, 944. Permitting a petitioner to bring a habeas corpus petition challenging an order of probation as many as ten years after he was originally placed on probation would be contrary to congressional intent.[17] The Supreme Court has recognized that “AEDPA’s purpose [is] to further the principles of comity, finality, and federalism.” Williams v. Taylor, 529 U.S. 420, 436, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000); Duncan v. Walker, 533 U.S. 167, 178, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Section 2244(d)(1) “reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review.” Duncan, 533 U.S. at 179, 121 S.Ct. 2120. The result we reach today is consistent with this purpose.

B. Is a judgment of deferred adjudication or straight probation final for purposes of section 2211?

Second, we address whether an order of deferred adjudication or straight *529 probation is a final judgment for purposes of section 2244. We conclude that it is. In Roberts v. Cockrell, we held that federal law controls when a state conviction becomes final for purposes of section 2244(d)(1)(A). 319 F.3d 690, 694 (5th Cir. 2003). We stated that “although we are sensitive to state law when determining whether a motion is still pending, federal law still determines the time limits under AEDPA.” Id. at 693 (internal quotations omitted); see also Lookingbill v. Cockrell, 293 F.3d 256, 262 (5th Cir.2002) (stating that federal law determines the time limits under AEDPA); Foreman, 383 F.3d at 339 (“Texas rules [do] not control AEDPA review.”). We noted that the language of section 2244(d)(1)(A) provides that a decision becomes final “by the conclusion of direct review or the expiration of the time for seeking such review.” Id.
Petitioner Beck argues, however, that his conviction was not final under state law until his probation was revoked and his appeal from the revocation was dismissed. Beck contends that according to article 11.07 of the Texas Code of Criminal Procedure, he was not eligible under state law to collaterally attack his conviction until the felony judgment, from which he was seeking relief, was final under Texas law.[18] Thus, Beck maintains that he was unable to exhaust state remedies until his probation was revoked and his conviction became final under state law.[19] As the argument goes, an order imposing probation cannot be final for purposes of section 2244 since, in that instance, state law precluded Beck from achieving the prerequisite requirements to bringing a federal habeas petition within the federal statute of limitations.
However, although Beck could not pursue collateral review under article 11.07, he had an available remedy for habeas relief under Texas Code of Criminal Procedure articles 11.05, 11.08, and 11.23. See Ex parte Twyman, 716 S.W.2d 951, 952 (Tex.Crim.App.1986); Ex parte Martell, 901 S.W.2d 754, 754 (Tex.App.—San Antonio 1995). Thus, while on probation, Beck was entitled to collaterally challenge any allegedly unlawful restraint in the trial court where he was convicted. Twyman, 716 S.W.2d at 952. We conclude that, while on probation, Beck was able to exhaust state remedies before AEDPA’s limitations period expired. Therefore, we see no reason to depart from the definition of finality provided in section 2244(d)(1)(A).[20] The judgment imposing his probation became final by the conclusion of direct review or the expiration of the time for seeking such review.
Ill
Petitioner Caldwell was sentenced to ten years deferred adjudication probation on June 17, 1998. Caldwell did not seek re *530 view of the deferred adjudication order. Under Texas law, a defendant must file a notice of appeal “within 30 days after the day sentence is imposed or suspended in open court.” Tex.R.App. P. 26.2(a)(1). Thus, Caldwell’s deferred adjudication became final for purposes of section 2244(d)(1)(A) on July 17, 1998, and the statute of limitations began to run on that date. Petitioner Martinez was placed on community supervision by an order deferring adjudication of guilt on January 22, 1998. This order became final on February 23, 1998.[21] Therefore, the statute of limitations set forth in section 2244 began to run on that date.
Finally, Petitioner Beck was placed on community supervision on February 23, 2000. Beck appealed his conviction, and on February 7, 2001, the court of appeals affirmed his conviction. Beck did not seek a rehearing with the court of appeals or file a petition for discretionary review with the Texas Court of Criminal Appeals. Therefore, under the federal definition of finality, Beck’s conviction became final on March 9, 2001[22] for purposes of AEDPA.[23] Cockrell, 319 F.3d at 694.
IV
Because an order of deferred adjudication community supervision is a final judgment within the plain meaning of AEDPA section 2244, the one-year statute of limitations, for challenging substantive issues of the orders of deferred adjudication, began to run when the order deferring adjudication became final.[24] Similarly, because a judgment imposing probation is a final judgment within the plain meaning of AEDPA section 2244, the one-year statute of limitations for challenging substantive issues relating to a judgment of jury verdict of guilt and probation, began to run when the judgment imposing probation became final. Consequently, each Petitioner’s habeas corpus petition is time-barred.
V
We affirm the judgments of the district courts.

. Throughout this opinion, the term "probation” is used interchangeably with the term "community supervision.”

. 28 U.S.C. § 2244(d)(1).

. A decision becomes final thirty days from the date the judgment is issued, where thirty days is the period for filing a petition for discretionary review in state court. ''[T]he issuance of the mandate by the state court of appeals is of no consequence for the purposes of § 2244(d)(1)(A).” Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir.2003).

. Caldwell filed his first state application for habeas corpus relief on June 22, 2000. On August 16, 2000, the Texas Court of Criminal Appeals dismissed his first habeas application due to the fact that his direct appeal was still pending. This state application would have tolled the one-year statute .of limitations period had it been filed prior to its expiration.

. See discussion Part II.A infra.

. Because under the district court's order, Martinez’s federal habeas petition would have been time barred regardless of when AEDPA’s statute of limitations began to run, respondent argues that Martinez’s claim is moot. However, in Foreman v. Dretke, we held that a timely appeal to state court, dismissed for want of jurisdiction, tolls AEDPA’s statute of limitations. 383 F.3d 336, 340 (5th Cir.2004). Therefore, whether the statute of limitations began to ran at the time the order deferring adjudication was issued or at the time Martinez's guilt was adjudicated is outcome determinative in Martinez’s case.

. AEDPA became effective on April 24, 1996. See Martinez v. Dretke, 404 F.3d 878, 884 (5th Cir.2005).

. See, e.g., Samford v. Dretke, No. 3:03-CV-1969-M, 2005 WL 1017872, at *2 (N.D.Tex. Apr.27, 2005) (holding that the trial court's Deferred Adjudication Order was not a judgment under Texas law, but merely an appealable order); Daugherty v. Dretke, No. 3:01—CV-0202-N, 2003 WL 23193260, at *6-8 (N.D.Tex. Dec.24, 2003)(finding that an order of deferred adjudication is not a judgment for purposes of 28 U.S.C. § 2244(d)); Standridge v. Cockrell, No. 4:02-CV-462-Y, 2002 WL 31045977, at *3 (N.D.Tex. Sept. 10, 2002)(stating that placement on deferred adjudication probation is not a final conviction because there has been no adjudication of guilt); Jamme v. Cockrell, No. 3:01-CV-1370-L, 2002 WL 1878403, at *2-3 (N.D.Tex. Aug. 12, 2002) (holding that deferred adjudication probation is not a final judgment for purposes of 28 U.S.C. § 2244); Cutrer v. Cockrell, No. 3:01—CV-0841-D, 2002 WL 1398558, at *2-5 (N.D.Tex. June 26, 2002) (finding that an order of deferred adjudication probation is not a judgment within the meaning of 28 U.S.C. § 2244 or state law).

. A judgment of straight probation, as in Petitioner Beck's case, is a "judgment” under both federal and Texas state law since there is a formal adjudication of guilt. See discussion Part II.A infra. However, Beck argues that an order of probation is not final for purposes of section 2244(d)(1).

. See Wilkinson, 240 F.Supp.2d at 621-22 ("There is no requirement in § 2244(d)(1)(A) that the final judgment contemplated by the statute be one that makes a determination of guilt.”); Jimenez v. Cockrell, No. 4:03-CV-0090-Y, 2003 WL 21321256, at *4 (N.D.Tex. May 19, 2003)(holding that "the statute of limitations begins for purposes of § 2244(d)(1)(A) when a Texas state court deferred adjudication order becomes final by the conclusion of direct review or the expiration of the time for seeking such review, notwithstanding the fact that there has been no determination of guilt.”); DeLeon v. Cockrell, No. 5:01-CV-231-C, 2002 U.S. Dist. LEXIS 10612, at *4 (N.D. Tex. June 12, 2002)(stating petitioner's conviction became final thirty days after he was sentenced and placed on probation).

. The portions of this statute discussed are those prior to the amendments effective on September 1, 2005.

. Cutrer, 2002 WL 1398558, at *3. Features of a Texas judgment also include a section addressing the proper punishment, the term of sentence, the date the judgment was entered, the date the sentence was imposed, etc. See TexCrim. Proc.Code Ann. art. 42.01; Cutrer, 2002 WL 1398558, at *3.

. "The whole point of [the deferred adjudication] statute is to avoid having to formally adjudicate the defendant’s guilt unless and until he demonstrates that he cannot abide by the terms of probation set by the court.” Ex parte Laday, 594 S.W.2d 102, 104 (Tex.Crim. App.1980).

. See 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court.”).

. Petitioners do not argue that there is no federal habeas jurisdiction to hear petitions brought by those challenging custody pursuant to an order deferring adjudication before guilt has been adjudicated. In such a situation, there is jurisdiction under section 2254. See, e.g., Sawyer v. Sandstrom, 615 F.2d 311, 313 n. 1 (5th Cir.1980)(stating that a petitioner whose sentence had been stayed was eligible for federal habeas relief); Barry v. Bergen County Probation Dept., 128 F.3d 152, 159-61 (3d Cir.l997)(holding that petitioner sentenced to 500 hours of community service was eligible to petition for habeas relief); Lee v. Stickman, 357 F.3d 338, 342 (3d Cir.2004) (stating petitioner on probation eligible for habeas relief under section 2254(a)).

. These rules are applicable to proceedings for admission to citizenship, habeas corpus, and quo warranto, to the extent that the practice in such proceedings is not set forth in statutes of the United States, the Rules Governing Section 2254, or the Rules governing Section 2255 Proceedings, and has heretofore conformed to the practice in civil actions. Fed R.Civ.P. 81.

. Texas law permits a judge to impose deferred adjudication community supervision for up to ten years in a felony case. Tex Crim. Proc.Code Ann. art. 42.12 § 5(a).

. Habeas relief under article 11.07 requires a final conviction. Under Texas law, probation is not a final conviction for these purposes. See Ex parte Renier, 734 S.W.2d 349, 351 (Tex.Crim.App.1987).

. 28 U.S.C. § 2254(b)(1) states that "An application for a writ of habeas corpus on behalf of a prisoner in custody pursuant to the judgment of a State court shall not be granted unless it appears that-the applicant has exhausted the remedies available in the courts of the State.”

.In Salinas v. Dretke, we held that state law controls whether an out-of-time petition for discretionary review is part of Texas's direct or collateral review process. 354 F.3d 425, 430-31 (5th Cir.2004). However, in that case, we explicitly stated that we must look to federal law to determine the date an event has occurred, such as the date a judgment becomes final. Id. at 430 n. 5.

. January 22, 1998, thirty days from January 22, 1998, fell on Saturday, February 21, 1998. Thus, Petitioner's conviction became final the following Monday, February 23, 1998.

. See Tex.R.App. P. 68.2(a) ("The petition [to the Texas Court of Criminal Appeals] must be filed within 30 days after either the day the court of appeals’ judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals.”).

. Beck asks this court to equitably toll AED-PA's statute of limitations. The respondent argues that a certificate of appealability was not issued on this question. We find that with respect to Petitioner Beck, the issue of equitable tolling is fairly incorporated in the question before this court. We review a decision to invoke equitable tolling for abuse of discretion. United States v. Riggs, 314 F.3d 796, 799 (5th Cir.2002). We have recognized that the one-year statute of limitations period of section 2244(d)(1) may be equitably tolled. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998). However, equitable tolling is permitted only "in rare and exceptional circumstances.” Id. Equitable tolling will not be granted if an applicant failed to diligently pursue his rights. Larry v. Dretke, 361 F.3d 890, 897 (5th Cir.2004). Although "we must be cautious not to apply the statute of limitations too harshly,” here, there are no exceptional circumstances. United States v. Patterson, 211 F.3d 927, 931 (5th Cir.2000). Beck simply failed to challenge any unlawful restraint in the trial court where he was convicted within the prescribed time period.

.Our holding is limited to instances where a petitioner challenges substantive issues relating to an original order of deferred adjudication probation or straight probation.