# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31281

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2020

Lyle W. Cayce
Clerk

NAKEITH SPARKMAN,

Petitioner-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-1416

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Nakeith Sparkman, Louisiana prisoner # 483533, moves for a certificate of appealability (COA) to appeal the district court's denial and dismissal of his 28 U.S.C. § 2254 application that challenged his convictions for second-degree murder, attempted second-degree murder, aggravated burglary, and possession of a firearm after conviction of a felony. He also moves for leave to proceed in forma pauperis (IFP) and appeals the district court's denial of his request for an evidentiary hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31281

Sparkman maintains that trial evidence was insufficient to support his conviction for second-degree murder; his trial counsel was ineffective by failing to contend that the jury-selection process violated *Batson v. Kentucky*, 476 U.S. 79 (1986); his appellate counsel was ineffective for not arguing on direct appeal that trial counsel was ineffective in connection with the jury-selection process; his arrest violated his due process and equal protection rights; and the State bolstered the credibility of a witness.  To the extent that he raised other claims in his § 2254 application, he has abandoned them by failing to brief them.  *See Hughes v. Dretke*, 412 F.3d 582, 597 (5th Cir. 2005).

A COA may issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  If the district court denies relief on the merits, the petitioner must establish that reasonable jurists would find the district court's assessment of the claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  If relief is denied on procedural grounds, a COA should issue if the petitioner demonstrates, at least, that jurists of reason would find it debatable whether the application "states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*  Sparkman has not made the necessary showing.  Accordingly, his motion for a COA is denied.

We treat his motion for a COA regarding the district court's denial of an evidentiary hearing as a direct appeal of that issue.  *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016).  He has failed to show that the district court abused its discretion in denying relief without holding an evidentiary hearing.  *See* § 2254(d); *Cullen v. Pinholster*, 563 U.S. 170, 185-86 (2011); *McDonald v. Johnson*, 139 F.3d 1056, 1059-60 (5th Cir. 1998).  The district court's judgment

No. 18-31281

should be affirmed as to that issue. *See Norman*, 817 F.3d at 234. His motion for leave to proceed IFP is denied.

COA DENIED; IFP MOTION DENIED; AFFIRMED.