# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30205
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2020

Lyle W. Cayce
Clerk

GLENN YOUNG,

Petitioner−Appellant,

versus

DARREL VANNOY, Warden, Louisiana State Penitentiary,

Respondent−Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
No. 5:15-CV-2759

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Glenn Young, Louisiana prisoner #457113, moves for a certificate of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-30205

appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 petition challenging his convictions of possession of more than 28 but less than 200 grams of cocaine and illegal use of weapons.  He contends that (1) the evidence was insufficient to support his convictions; (2) his trial counsel was ineffective because (a) he did not challenge the search warrant and failed to exclude evidence; (b) he did not file a motion to continue; (c) he did not object at trial to the references to marihuana; (d) he did not note the race and sex of the jurors; (e) he did not object that state law was violated because not all bench conferences were recorded; (f) he did not object to testimony concerning the special response team; and (g) he did not request a jury instruction on accomplice testimony; and (3) the state trial court lacked jurisdiction.  Young also appeals the denial of his request for an evidentiary hearing.

In his COA motion, Young does not raise the following claims:  The trial court failed to comply with various state laws; the trial court erred in allowing testimony concerning the special response team; the prosecutor's presentation of evidence concerning the special response team constituted misconduct; and his counsel failed to file a motion to quash the multiple-offender bill.  Young has abandoned these claims by failing to brief them adequately.  *See Hughes v. Dretke*, 412 F.3d 582, 597 (5th Cir. 2005).

To obtain a COA, Young must make a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Where the district court denies the claims on the merits, the petitioner must establish that reasonable jurists would find the decision to deny relief debatable or wrong, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that the issue deserves encouragement to proceed further, *see Miller-El*, 537 U.S. at 327.

Young's arguments do not meet this standard.  We construe his motion

No. 19-30205

for a COA with respect to the denial of an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and affirm, *see Cullen v. Pinholster*, 563 U.S. 170, 181−82, 185−86 (2011).

The motion for a COA is DENIED.  The denial of Young's motion for an evidentiary hearing is AFFIRMED.