### Ronald Eugene WILKINSON, Petitioner,

v.

### Janie COCKRELL, Director, Texas Department of Criminal Justice, Institutional Division, Respondent.

#### No. 4:02–CV–514–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Dec. 30, 2002.

Ronald Eugene Wilkinson, Flower Mound, TX, pro se.

James R. Smith, Atty. General of Texas, Habeas Corpus Div., Austin, TX, for Respondent.

### *MEMORANDUM OPINION* and *ORDER*

McBRYDE, District Judge.

Came on for consideration the above-captioned action wherein Ronald Eugene Wilkinson is petitioner and Janie Cockrell, Director, Texas Department of Criminal Justice, Institutional Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On November 26, 2002, the United States Magistrate Judge issued his findings, conclusions, and recommendation,[1] and ordered that the parties be granted until December 18, 2002, in which to file written objections thereto. On December 17, 2002, petitioner and respondent both filed objections. Petitioner responded to respondent's objection on December 20, 2002. Respondent supplemented her objection on December 23, 2002. Petitioner

---

**1.** Citations to the findings, conclusions, and recommendation issued by the United States Magistrate Judge will be "FC & R."

objected to respondent's supplement on December 27, 2002.

### The Findings, Conclusions, and Recommendation of the Magistrate Judge

The document the Magistrate Judge signed in this action on November 26, 2002, accurately describes the nature of the case, the identities of the parties, the factual and procedural history, and the legal standard for granting habeas relief. The court considers that a more accurate statement of the claims raised by petitioner in his petition is as follows:

1. The state court judgment subjecting petitioner to deferred adjudication constituted a void or illegal sentence because he was placed on probation for a period below the minimum allowed by state statute (hereinafter "first claim").

2. His plea of guilty that led to the judgment imposing deferred adjudication was involuntarily made because it was the result of a misrepresentation by the prosecutor that the sentence contemplated by the offer was a legal sentence (hereinafter "second claim").

3. The attorney who represented petitioner at the revocation hearing did not investigate the facts surrounding the judgment of deferred adjudication, with the consequence that the attorney failed to determine that the sentence of probation imposed by that judgment was illegal (hereinafter "third claim").

4. The attorney who represented petitioner in his appeal from the judgment of revocation provided ineffective assistance because the attorney did not discover, and did not argue on appeal, that the probation imposed by the judgment of deferred adjudication was not legal (hereinafter "fourth claim").

## II.

### The Objections of the Parties

A. *Petitioner's Objections:*

Petitioner first complains that the magistrate judge partially misconstrued his complaints. He explains that he is challenging the plea bargain as a whole, not just the sentence, because the plea bargain recommendation was for "Indecent Exposure," whereas he is currently serving a sentence for "Indecency Child–Exposure." Pet'r Objections at 1–2.

His second objection pertains to what petitioner takes to be a conclusion the magistrate judge reached relative to former article 42.12, § 3 of the Texas Code of Criminal Procedure. Petitioner argues that article 42.12, § 3, entitled "Judge Ordered Community Supervision," was the controlling statute for sex offenses against children, *id.* at 2–3, and that § 3(f) of article 42.12 required for his offense a minimum period of community supervision of five years and a maximum of ten years.

B. *Respondent's Objection:*

Respondent's sole objection, as supplemented, concerns the magistrate judge's conclusion that petitioner's claims relating to his original plea hearing and deferred adjudication judgment are not barred by the statute of limitations, 28 U.S.C. § 2244(d). The magistrate judge concluded that the limitations period on these claims did not begin to run until the deferred adjudication was revoked. Respondent urges that the start of the limitations period for these claims should be based on the original plea proceeding and deferred adjudication order, not on the judgment of revocation.

## III.

### The Court Has Concluded that Respondent's Objection is Meritorious

#### A. *Facts Pertinent to Respondent's Objection.*

On March 25, 1996, petitioner pleaded guilty in the District Court of Tarrant County, Texas, 213th Judicial District, to the offense of "Indecency With a Child—Exposure." Unadjudicated J. on Plea of Guilty or Nolo Contendere & Suspending Imposition of Sentence, signed March 28, 1996 (hereinafter "first judgment") at 1. His punishment was deferred, and he was ordered to serve a term of probation of four years. The judgment recited that:

> IT IS THEREFORE CONSIDERED by the Court that the evidence substantiates the Defendant's guilt and that further proceedings should be Deferred without entering an adjudication of guilt, and that Defendant be placed on probation during the period of time prescribed by the Court on such reasonable terms and conditions as the Court may require in accordance with law.
>
> . . . .
>
> It is therefore ORDERED by the Court that the Defendant be, and is hereby placed on probation for the above named term beginning on the date of entry of judgment herein under the supervision of the Court, through the Director of Community Supervision and Corrections Department of Tarrant County, Texas, subject to the following terms and conditions set out in the attached Conditions of Community Supervision which is incorporated and made a part thereof.

*Id.* at 1–2.

The first judgment was entered pursuant to the authority of § 5 of article 42.12 of the Texas Code of Criminal Procedure.

On January 28, 1999, the state court rendered a second judgment in the same case in which the first judgment was rendered, the second one adjudicating petitioner's guilt of the offense to which he had pleaded guilty on March 25, 1996. The second judgment was sought by the State of Texas by a first amended third petition to proceed to adjudication it filed in January 1999. The State alleged that petitioner had violated his conditions of probation in several respects, with the consequence that petitioner's probated sentence should be set aside and that the court should proceed to an adjudication of defendant's guilt.

The second judgment imposed as punishment a term of imprisonment of ten years. It contained the following recitations and rulings:

> On this day, set forth above, this cause again came on for trial. The Court had previously received Defendant's plea of guilty ..., heard the evidence, found that it substantiated the Defendant's guilt, deferred further proceedings without entering an adjudication of guilt, and placed the Defendant on probation as shown above.... [T]he Court having heard evidence limited to whether the Court should proceed to an adjudication of guilt under the original charge and having determined that the Court should proceed to such determination of guilt, finds that the Defendant is guilty of the offense named above as set forth in the original charge and as confessed ... by said Defendant.
>
> IT IS THEREFORE CONSIDERED by the Court that the Defendant is adjudged to be guilty of the offense as found by the Court and set forth above and that Defendant committed the offense on the date charged as shown in

the order of the Court deferring the adjudication of guilt in this cause.

Judgment Adjudicating Guilt, signed Feb. 1, 1999 (hereinafter "second judgment"), at 1–2.

Petitioner did not appeal from the first judgment, with the consequence that his right to direct review by any state appellate court expired thirty days later, making the first judgment final on April 27, 1996. TEX.R.APP. PROC. 26.2 (West 1995); TEX.CODE CRIM. PROC. art. 42.12 § 23(b) (West 1995); *United States v. Vasquez,* 298 F.3d 354, 359 (5th Cir.2002) (finding a deferred adjudication probation and revocation of that probation becomes final for federal enhancement purposes when time for filing notice of appeal passes or if appealed, when appeal is affirmed and no further review is possible); *Manuel v. Texas,* 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999) (holding that under Texas law "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding ... only in appeals taken when deferred adjudication community supervision is first imposed").

Petitioner filed two state writ applications that complained of adjudications made by the first judgment. The first was filed on August 2, 2000, and was denied by the Texas Court of Criminal Appeals on November 14, 2001. The second was filed on January 15, 2002, and was dismissed by the Texas Court of Criminal Appeals on March 6, 2002. Petitioner's state writ applications were pending 519 days.

Petitioner appealed the second judgment, but did not seek writ of certiorari. The date when the time for seeking writ of certiorari expired was September 5, 2001. The application pursuant to which this action was commenced was filed by petitioner on June 3, 2002.

B. *Analysis Related to Respondent's Objection.*

The point respondent makes by her objection was urged in her response to the petition as a reason why the court should conclude that petitioner's first and second claims are barred by limitations. In the course of rejecting respondent's argument, the magistrate judge reasoned:

Cockrell argues that because Wilkinson's first and second claims relate to his original guilty plea and deferred adjudication order, the one-year period ran from the date on which the deferred adjudication order became final by the conclusion of direct review or the expiration of the time for seeking such review. (Resp't Answer at 5–7). 28 U.S.C. § 2244(d)(1)(A). Cockrell contends that the order placing Wilkinson on deferred adjudication community supervision became final on April 24, 1996, 30 days after the order was entered, and, thus, Wilkinson's federal petition was due no later than April 24, 1997, absent any applicable tolling.

This court has previously rejected Cockrell's argument in the deferred adjudication context. While Cockrell is correct that, under Texas law, a defendant must immediately appeal when deferred adjudication community supervision is first imposed, the AEDPA specifies that limitations begins on "the date on which the judgment became *final* by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). A deferred adjudication judgment is not a final judgment because there has been no determination of guilt. *See Davis v. State,* 968 S.W.2d 368, 371 (Tex. Crim.App.1998). Thus, limitations did not begin until the date on which the state trial court's judgment adjudicat-

ing Wilkinson's guilt became final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A); *Anderson v. Cockrell*, No. 4:02–CV–157–A, 2002 WL 1782222, at *3–4 (N.D.Tex. July 30, 2002); *Crenshaw v. Cockrell*, No. 4:01–CV–405–Y, 2002 WL 356513, at *5 (N.D.Tex. Mar. 5, 2002). FC & R at 4–5.

The result reached by the magistrate judge is consistent with other rulings by this court, including the cited *Anderson v. Cockrell* decision by the undersigned.[2] In addition to those cited by the magistrate judge, rulings by judges of this court that are consistent with the magistrate judge's include *Standridge v. Cockrell*, No. 4:02–CV–462–Y, 2002 WL 31045977 (N.D.Tex. Sept. 10, 2002) (adopting Magis. Judge's Findings, Conclusions & Recommendation of Aug. 9, 2002, slip op. at 3); *Jamme v. Cockrell*, No. 3:01–CV–1370–L (N.D.Tex. Aug. 12, 2002) (adopting Magis. Judge's Findings, Conclusions & Recommendation of Mar. 27, 2002, slip op. at 3); *Cutrer v. Cockrell*, No. 3:01–CV–0841–D, 2002 WL 1398558 (N.D.Tex. June 26, 2002) (adopting Magis. Judge's Findings, Conclusions & Recommendation of June 4, 2002, slip op.); *Smith v. Cockrell*, No. 3:02–CV–0503–M, 2002 WL 1268016 (N.D.Tex. June 3, 2002) (adopting Magis. Judge's Findings, Conclusions & Recommendation of May 24, 2002, slip op. at 2); and, *Jordan v. Cockrell*, No. 3:01–CV–1162–G, 2001 WL 1388015 (N.D.Tex. Nov. 6, 2001) (adopting Magis. Judge's Findings, Conclusions & Recommendation of Oct. 1, 2001, slip op. at 2).[3] Thus, the magistrate judge's ruling on the issue under discussion finds ample support in local rulings.

In respondent's supplement to her objections, she calls the court's attention to three unpublished rulings of the United States District Court for the Southern District of Texas that are consistent with her position, *Johnson v. Cockrell*, No. H–02–0502, slip op. at 5–7 (S.D.Tex. Sept. 30, 2002); *Clewis v. Cockrell*, No. H–01–1547, slip op. at 7 (S.D.Tex. Sept. 17, 2002); and *Meldon v. Cockrell*, H–01–4039, slip op. at 7–9 (S.D.Tex. Aug. 1, 2002). Upon further review of the authorities, including legislative history of the habeas corpus statutes,[4] and after a study of the reasoning of the judges of the Southern District, the court has concluded that respondent's position on this subject is correct.

The limitations statute provides, in pertinent part, that "[a] 1–year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," which shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. § 2244(d)(1)(A). Petitioner's incarceration was the product of two judgments. The first two claims of his petition complain of matters that were made final by the first of those judgments.

The court cannot discern anything in the text or history of § 2244(d)(1)(A) that would lead to the conclusion that the first judgment is not a "judgment of a State court" within the meaning of that section. Certainly the first judgment is one of two judgments pursuant to which petitioner is in custody. Therefore, the court has concluded that the first judgment is a "judg-

**2.** The court notes that no objections were filed in the *Anderson* case.

**3.** At least one judge of this court has ruled consistent with respondent's contention. *See*

*DeLeon v. Cockrell*, No. 5:01–CV–231–C, slip op. at 3 (N.D. Tex. June 12, 2002).

**4.** *See, e.g.,* S. Con. Rep. No. 104–518, 1996 U.S.C.C.A.N. 944

ment of a State court" within the meaning of the statute.

There is no requirement in § 2244(d)(1)(A) that the final judgment contemplated by the statute be one that makes a determination of guilt. The court is of the belief that a more reasonable reading of the statute is that the limitations period commences to run as to any determination made by any judgment of a state court that leads to incarceration from the date on which that judgment becomes final (either by the conclusion of direct review or the expiration of the time for seeking direct review). A fair reading of § 2244(d)(1)(A) is that, if state court procedures contemplate that a person's custody will be dependent upon rulings in more than one judgment, the references in the statute to "the judgment of a State court" and "the judgment" are to each of those judgments.

As previously noted, *supra* at 619 – 620, petitioner had no right in his appeal from the judgment revoking his deferred adjudication (*i.e.*, revoking probation) to raise any of the issues relating to his original plea proceeding. The first judgment "became final," within the meaning of § 2244(d)(1)(A), thirty days after its entry. *See Manuel*, 994 S.W.2d at 660. Therefore, the 1–year period of limitations started to run on April 26, 1996, as to all issues finally determined by that judgment, and the period expired in April 1997. Petitioner has not shown that any of the circumstances contemplated by §§ 2244(d)(1)(B), (C), or (D) exists in this case, nor has there been any showing of a circumstance that would cause equitable tolling to be applicable.

Therefore, the court rules that petitioner's first and second claims are barred by limitations.[5]

## IV.

### *Remaining Issues to be Resolved*

For the reasons given by the magistrate judge in the FC & R, petitioner's third and fourth claims were within the one-year limitations period calculated from the date of the second judgment, and taking into account the 519 days of tolling based on the pendency of petitioner's state writ applications. However, the ineffective-assistance-of-counsel contentions made in the third and fourth claims are without merit. The issues petitioner contends that his attorney should have raised in his appeal from the second judgment are ones that could not have been raised on that appeal, having been finally resolved against petitioner by reason of the finality of the first judgment. Therefore, the relief sought by petitioner's third and fourth claims must be denied.

## V.

### *Order*

For the reasons given above:

The court ORDERS that petitioner's first and second claims be, and are hereby, dismissed because of not having been timely asserted.

The court further ORDERS that petitioner's remaining claims be, and are hereby, denied.

### FINAL JUDGMENT

For the reasons given in the memorandum opinion and order signed by the court

---

**5.** The period of 519 days when petitioner's state writ applications were pending does not enter into the calculations as to the first and second claims because the applications were filed after the date (April 26, 1997) when the federal limitations period expired as to those claims. *See Scott v. Johnson*, 227 F.3d 260–63 (5th Cir.2000).

on the date of the signing of this final judgment,

The court ORDERS, ADJUDGES, and DECREES that the first and second claims of petitioner, Ronald Eugene Wilkinson, be, and are hereby, dismissed because of not having been timely asserted; and,

The court further ORDERS, ADJUDGES, and DECREES that the remaining claims of petitioner be, and are hereby, denied.